IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § § | |
| Plaintiff, | | |
| v. | § § | Civil Case No. 063940(MLC) |
| EARLY STAGE ENTERPRISES, L.P. | § § § | Receivership Order |
| Defendant. | § | |

RECEIVED
OCT 4 2006
AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

## ORDER OF RECEIVERSHIP UNDER 15 U.S.C. § 687c

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.  Pursuant to the provisions of 15 U.S.C. § 687c of the Small Business Investment Act of 1958, as amended (the "Act"), this Court hereby takes exclusive jurisdiction of EARLY STAGE ENTERPRISES, L.P. ("Early Stage"), and all of its assets and property, of whatever kind and wherever located, and the United States Small Business Administration ("SBA") is hereby appointed Receiver (the "Receiver") of Early Stage to serve without bond until further order of this Court. The Receiver is appointed for the purpose of continuing the operations of Early Stage and satisfying the claims of creditors therefrom in the ordinary course of business.

2.  The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers and general and limited partners of Early Stage under applicable state and federal law, by the Limited Partnership

Receivership Order – Page 1

Agreement, and By-Laws of said limited partnership, in addition to all powers and authority of a receiver at equity, and all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The trustees, directors, officers, managers, employees, investment advisors, accountants, attorneys and other agents of Early Stage are hereby dismissed and the powers of any general partners are hereby suspended during the pendency of the receivership. Such persons and entities shall have no authority with respect to Early Stage's operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of Early Stage and shall pursue and preserve all of its claims.

3. The Receiver is entitled to take immediate possession of all assets, bank accounts or other financial accounts, books and records and all other documents or instruments relating to Early Stage. The past and/or present officers, directors, agents, managers, general and limited partners, trustees, attorneys, accountants, and employees of Early Stage, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of and relating to Early Stage and all of Early Stage's assets and all other assets and property of the limited partnership, whether real or personal. Early Stage's general partner shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of Early Stage, a list of all employees (and job titles thereof), other personnel, attorneys, accountants and any other agents or contractors of Early Stage, as well as the names,

addresses and amounts of claims of all known creditors of Early Stage. Within thirty (30) days following the entry of this Order, the general partner of Early Stage shall also furnish a written report describing all assets. All persons and entities having control, custody or possession of any assets or property of Early Stage are hereby directed to turn such assets and property over to the Receiver.

4. The Receiver shall promptly give notice of its appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers and general and limited partners of Early Stage, as the Receiver deems necessary or advisable to effectuate the operation of the receivership. All persons and entities owing any obligation, debt, or distribution with respect to a partnership interest to Early Stage shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if Early Stage had received such payments.

5. The Receiver is hereby authorized to open such Receiver's accounts at banking or other financial institutions to extend credit on behalf of Early Stage, to utilize SBA personnel, and to employ such other personnel as it may deem necessary to effectuate the operation of the receivership including, but not limited to, attorneys, accountants, consultants and appraisers, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval

prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or for expenses that the Receiver deems advantageous to the orderly administration and operation of the receivership. In addition, the Receiver is authorized to reimburse the SBA for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any claim or asset in the ordinary course of business, other than real estate.

6. Early Stage's past and/or present officers, directors, agents, attorneys, managers, shareholders, employees, accountants, debtors, creditors, managers and general and limited partners of Early Stage, and other appropriate persons or entities (including without limitation, the defendant's portfolio of small business concerns and financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath to the Receiver all questions which the Receiver may put to them and produce any documents as required by the Receiver regarding the business of said limited partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to Early Stage. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons or entities, the Receiver shall make its discovery request(s) in accordance with the Federal Rules of Civil Procedure.

7. The parties to any and all civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions,

default proceedings, or other actions of any nature involving Early Stage or any assets of Early Stage, including subsidiaries and partnerships, wherever located, and excluding the instant proceeding, involving Early Stage, the Receiver, or any of Early Stage's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding or any such asset. All civil legal proceedings of any nature, including but not limited to bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other action of any nature involving Early Stage or any assets of Early Stage, including subsidiaries and partnerships, wherever located, and excluding the instant proceeding, involving Early Stage, the Receiver, or any of Early Stage's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court. Further, as to a cause of action accrued or accruing in favor of Early Stage against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

Receivership Order – Page 5

8. Early Stage and its past and/or present directors, officers, managers, general or limited partners, agents, employees and other persons or entities acting in concert or participating therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and/or property of Early Stage to the detriment of Early Stage or of the Receiver appointed in this cause, including but not limited to destruction of corporate records, or which would violate the Small Business Investment Act of 1958, as amended, 15 U.S.C. 661 et. seq., or the regulations promulgated thereunder, ("Regulations"), 13 C.F.R. § 107.1 et. seq.

9. The Receiver is authorized to borrow on behalf of Early Stage, from the SBA, up to $1,000,000.00 and is authorized to cause Early Stage to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of Early Stage, excluding administrative expenses of the Receivership, whether currently existing or hereinafter incurred, including without limitation any claims of general or limited partners of Early Stage.

10. This Court determines and adjudicates that Early Stage has violated the Act and the Regulations, as alleged in the Complaint filed against Early Stage in the instant action. After the foregoing activities are completed, the Receiver may submit a report to

the Court recommending that Early Stage's SBIC license be revoked or for such other further relief as may be required under the Act and applicable regulations.

SO ORDERED this 4th day of Oct., 2006.

_____
U.S. District Court Judge

Presented by:

/s/ Thomas W. Rigby
Thomas W. Rigby
Va. Bar No. 34663, D.C. Bar No. 463532
Chief Counsel for SBIC Liquidation
Office of General Counsel, U.S. Small Business Administration
409 Third Street, Seventh Floor
Washington, D.C. 20416
Telephone: 202.619.1610
Facsimile: 202.481.5866
Attorney for the Plaintiff

Attorney for Plaintiff

**COMPLAINT FOR OPERATING RECEIVERSHIP AND INJUNCTION UNDER 15 U.S.C. § 687C AND 13 C.F.R. § 107.1820**

FILED IN THE

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

Case Name: **EARLY STAGE ENTERPRISES, L.P.**

CASE NO. 06-3940 (MLC)

Signed: October 5, 2006

By: Judge Mary L. Cooper

CHRISTOPHER J. CHRISTIE
United States Attorney

JOHN G. SILBERMANN
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
Tel. 973.353.6094

THOMAS W. RIGBY
TR 4128
Chief Counsel for SBIC Liquidation
Office of General Counsel
U.S. Small Business Administration
409 Third Street, Seventh Floor
Washington, D.C. 20416
Tel. 202.619.1610

Attorneys for Plaintiff, U.S. Small Business Administration

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § § Plaintiff, § § v. § § EARLY STAGE ENTERPRISES, L.P., § § Defendant. § | C.A. No. _____ Complaint | |

**COMPLAINT FOR OPERATING RECEIVERSHIP AND INJUNCTION
UNDER 15 U.S.C. § 687c AND 13 C.F.R. § 107.1820**

Plaintiff, the United States of America, on behalf of its agency, the United States Small Business Administration, for its cause of action states as follows:

Complaint For Receivership and Injunction - Page 1

I. **PARTIES, JURISDICTION AND VENUE**

1. This is a civil action brought by the United States on behalf of its agency, the Small Business Administration (hereinafter, "SBA", "Agency" or "Plaintiff"), whose central office is located at 409 Third Street, S.W., Washington, DC 20416, against Early Stage Enterprises, L.P., a New Jersey limited partnership (hereinafter, "Early Stage", "Licensee" or "Defendant"), whose principal office is located at 103 Carnegie Center, Suite 200, Princeton, New Jersey 08540. Venue is therefore proper under 15 U.S.C. §§ 687(d), 687h, and 28 U.S.C. § 1391(b).

2. Early Stage's general partner is ESE Partners, LLC, a New Jersey limited liability company with an address of 103 Carnegie Center, Suite 200, Princeton, New Jersey 08540. Ronald R. Hahn is a principal of ESE Partners, LLC who signed relevant documents to obtain $27 million from SBA. James J. Millar is a principal of ESE Partners, LLC who signed the financial submissions to SBA that confirm the regulatory violations identified herein.

3. Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311, and 316; 15 U.S.C. §§ 687(d), 687c, 687h; the Small Business Act, 15 U.S.C. § 634(b)(1); and 28 U.S.C. § 1345.

4. Early Stage is in violation of federal law and regulations. SBA's investment of $27 million of Participating Securities in Early Stage is at risk. SBA has

Complaint For Receivership and Injunction - Page 2

determined that a receivership of Early Stage as contemplated under applicable SBA regulations is appropriate for protection of that investment of federal funds. Under these circumstances, Early Stage has already consented to appointment of SBA or its designee as the receiver of Early Stage pursuant to 13 C.F.R. § 107.1820(d)(3). Under the Regulations, which are also explicitly incorporated into Early Stage's Amended and Restated Articles of Limited Partnership, this civil action is effectively unopposed and SBA is entitled to the relief it seeks as a matter of right.

## II. EARLY STAGE IS A LICENSEE OF SBA UNDER THE ACT

5. Early Stage was licensed by SBA as a Small Business Investment Company ("SBIC") pursuant to Section 301(c) of the Act, 15 U.S.C. § 681(c) September 26, 1997, SBA License No. 02/72-0576, under Section 301(c) of the Act, 15 U.S.C. § 681(c), solely to do business under the provisions of the Act and the regulations promulgated thereunder..

6. Section 308(c) of the Act, 15 U.S.C. § 687(c), empowers SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations of SBICs. SBA has duly promulgated such regulations, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (the "Regulations").

7. Early Stage's limited partnership agreement, as amended, expressly provides that Early Stage was organized for the purpose of operating under the Act and subject to the Regulations issued by SBA thereunder, including without limitation 13

C.F.R. § 107.1820.

8. Section 303 of the Act, 15 U.S.C. § 683, authorizes SBA to provide financing to licensed SBICs. Pursuant to § 303 of the Act, 15 U.S.C. § 683, SBA invested federal funds in Early Stage through the purchase of Participating Securities, a form of Leverage, as those terms are defined under the Regulations, issued in by Early Stage to SBA beginning on or about January 22, 1998 and which as of this date aggregate in the total principal amount of $27,000,000.00 (TWENTY SEVEN MILLION DOLLARS).

9. Compliance with the terms of Leverage provided by SBA required that Early Stage not have a condition of Capital Impairment, as that term is defined under the Regulations.

### III. EARLY STAGE HAS VIOLATED SBA'S REGULATIONS

10. According to audited financial information provided by Early Stage to SBA on SBA Form 468 as required under the Regulations, 13 C.F.R. §107.630, Early Stage has a condition of Capital Impairment as defined under the Regulations.

11. By letter dated March 30, 2005, SBA notified Early Stage that its actual Capital Impairment Percentage was 89.2% as of September 30, 2004, against a maximum allowable 60%. SBA afforded Early Stage an opportunity to cure its condition of Capital Impairment and Early Stage has failed to cure beyond applicable cure periods under the Regulations.

Complaint For Receivership and Injunction - Page 4

12. By letter dated May 9, 2005, SBA notified Early Stage that it had failed to cure its condition of Capital Impairment within the time limits set by SBA in writing. SBA also noted that Early Stage's Capital Impairment had risen to 123% as of December 31, 2004.

12. Early Stage's failure to cure its condition of Capital Impairment is a violation of the Regulations, 13 C.F.R. § 107.1830(b).

13. Early Stage's non-compliance with its terms of Leverage under 13 C.F.R. § 107.1830(b) is a violation of the Regulations, 13 C.F.R. § 107.507(a), for nonperformance of the terms of its Participating Securities.

14. Subsequently, in a submission to SBA for the quarter ended March 31, 2006, Early Stage stated to SBA that its Capital Impairment Percentage had risen to 146.58%.

15. Section 308(d) of the Act, 15 U.S.C. § 687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the Regulations, all of the rights, privileges and franchises of a Licensee such as Early Stage may be forfeited and the company may be declared dissolved.

16. Section 311 of the Act, 15 U.S.C. § 687c, provides that upon a determination by SBA that a Licensee such as Early Stage, or any other person, has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any Rule or Regulation promulgated pursuant to the

Complaint For Receivership and Injunction - Page 5

Act, or of any order issued under the Act, then SBA may make application for an injunction, and such Court shall have jurisdiction of such action and grant a permanent or temporary injunction, or other relief without bond, upon a showing that such Licensee has engaged in or is about to engage in any such acts or practices. The Court is authorized by 15 U.S.C. § 687c to appoint SBA to act as receiver for such Licensee.

IV. **EARLY STAGE HAS ALREADY CONSENTED TO RECEIVERSHIP**

17. Early Stage first issued Participating Securities to SBA on or about February 25, 1998, therefore it has been more than eight (8) years since its first issuance of Participating Securities to SBA.

18. SBA has determined that Early Stage's Capital Impairment Percentage is greater than 100%, constituting an "extreme Condition of Capital Impairment" under 13 C.F.R. § 107.1820(b)(1), which is a "Removal Condition" under the Regulations.

19. SBA hereby exercises its right under 13 C.F.R. § 107.1820(d)(3) for the appointment of SBA as the receiver of Early Stage for the purpose of continuing the operations of Early Stage.

20. Early Stage has previously consented to SBA's exercise of its right to have SBA appointed as the receiver of Early Stage to continue its operations.

## COUNT ONE

### Violation of SBA Regulations

### 13 C.F.R. §§ 107.1830(b) and 507(a)

Complaint For Receivership and Injunction - Page 6

21. Paragraphs 1 through 20 are adopted herein by reference.

22. Early Stage has an uncured condition of Capital Impairment as that term is defined under the Regulations.

23. SBA has determined that Early Stage is not in compliance with its terms of Leverage due to its uncured condition of Capital Impairment.

24. SBA has determined that Early Stage is in violation of the Regulations, 13 C.F.R. § 107.1830(b) and 507(a).

25. SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. § 687(d) and 687c, including the appointment of SBA as Receiver of Early Stage.

## COUNT TWO

### Extreme Capital Impairment and Consent to Appointment of SBA as Receiver

### 13 C.F.R. §§ 107.1820(b)(1) and 1820(d)(3)

26. Paragraphs 1 through 25 are adopted herein by reference.

27. Early Stage has an uncured condition of extreme Capital Impairment as that term is defined under 13 C.F.R. § 107.1820(b)(1).

28. SBA has determined that Early Stage's extreme Capital Impairment is an occurrence of a Removal Condition under 13 C.F.R. § 107.1820(d).

29. Early Stage has not cured its Capital Impairment within the time limits set by SBA in writing.

30. Early Stage has consented to SBA's right to seek the remedies under 13

Complaint For Receivership and Injunction - Page 7

C.F.R. § 107.1820(d).

31. Among the remedies identified in 13 C.F.R. § 107.1820(d) is the right of SBA to be appointed the receiver of Early Stage under Section 311(c) of the Act, 15 U.S.C. § 687c, for the purpose of continuing its operations.

**WHEREFORE, Plaintiff prays as follows:**

A. That injunctive relief, both preliminary and permanent in nature, be granted restraining Early Stage, its officers, directors, general partners, managers, agents, employees, and other persons acting in concert or participation therewith from: (1) making any disbursements of Defendant's funds; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any funds or assets of Early Stage, wherever located; and (3) violating the Act or the Regulations promulgated thereunder.

B. That this Court determine and adjudicate Early Stage's noncompliance with and violation of the Act and the Regulations promulgated thereunder.

C. That this Court, pursuant to 15 U.S.C. § 687c, take exclusive jurisdiction of Early Stage and all of its assets, wherever located, appoint SBA as receiver of Early Stage for the purpose of continuing the operations of Early Stage and such other relief as contained in the Proposed Order filed herewith.

D. That this Court grant such other relief as may be deemed just and equitable.

Respectfully submitted,

**Complaint For Receivership and Injunction - Page 8**

Dated: 8/18/06

CHRISTOPHER J. CHRISTIE
United States Attorney

By: _____
JOHN G. SILBERMANN
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
Tel. 973.353.6094

THOMAS W. RIGBY
TR 4128
Chief Counsel for SBIC Liquidation
Office of General Counsel
U.S. Small Business Administration
409 Third Street, Seventh Floor
Washington, D.C. 20416
Tel. 202.619.1610

Attorneys for Plaintiff, U.S. Small Business Administration